

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O +1 202 457 6000
F +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T +1 202 457 6155
gassan.baloul@squirepb.com

November 4, 2025

Hon. Pierre N. Leval
Hon. Joseph F. Bianco
Hon. John G. Koeltl
c/o Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**RE:** *Fuld v. PLO*, **Nos. 22-76, 22-496.**

Dear Judges Leval, Bianco, and Koeltl:

Pursuant to the direction of the District Court in *Fuld v. PLO*, No. 1:20-cv-03374-JMF (S.D.N.Y.), Defendants-Appellees herewith file a copy of the endorsed order entered by the District Court on November 4, 2025.

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul

*Attorneys for Defendants Palestine Liberation Organization and Palestinian Authority*

cc: All Counsel by ECF

47 Offices across 4 continents. Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit squirepattonboggs.com for more information.



Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

November 3, 2025

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**RE:**   *Fuld v. Palestinian Authority*, Case No. 1:25-cv-07604-JMF
          **Defendants' Unopposed Letter-Motion to Extend Time and Adjourn Initial Conference**

Dear Judge Furman:

We represent the Defendants, the Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA"), in the above-referenced action.  Pursuant to Local Civil Rule 7.1(e) and Your Honor's Individual Rule 2.D, we respectfully move the Court for an order: (1) extending for 36 days, until and including December 23, 2025, Defendants' current deadline to respond to the complaint in this action, including by Defendants' anticipated Rule 12 motion to dismiss; and (2) to adjourn *sine die* the initial conference in this matter and the Court's related requirements for submission of a proposed case management order (ECF No. 9), pending resolution of Defendants' anticipated motion to dismiss.

This is Defendants' first request for an extension of time.  Defendants' response to the complaint in this action is currently due on November 17, 2025.  The Court has set an initial pretrial conference in this matter for November 12, 2025, at 9:00 a.m.  ECF No. 9.

As required by Your Honor's Individual Rules and the Court's September 17, 2025 Notice of Initial Pretrial Conference (ECF No. 9), my co-counsel, Mitchell Berger, Joseph Alonzo, and Alex Hyman, on November 3, 2025, conferred with Plaintiffs' counsel, Richard Heideman, Noel Nudelman, and Tracy Kalik, about case management issues and to ascertain Plaintiffs' position on the requests made by this letter motion.  Plaintiffs informed Defendants that they agree to the relief requested herein as an efficient case management procedure.

There is good cause for the requested relief.  This case ("*Fuld II*") was assigned to this Court following Plaintiffs' designation that it is related to *Fuld v. PLO*, No. 1:20-cv-03374-JMF (S.D.N.Y.) ("*Fuld I*").  *See* ECF No. 4 (Related Case Statement).  *Fuld I* will be proceeding in this

Squire Patton Boggs (US) LLP  Hon. Jesse M. Furman
November 3, 2025

Court following remand from the Court of Appeals. Case No. 22-76 (2d Cir.), ECF No. 289. Defendants in *Fuld I* expect to renew their prior motion to dismiss on Rule 12(b)(6) and all other remaining grounds. When this Court dismissed *Fuld I* for lack of personal jurisdiction, it did "not reach Defendants' other arguments for dismissal". *Fuld v. PLO*, 578 F. Supp. 3d 577, 596 (S.D.N.Y. 2022).

Plaintiffs concede that *Fuld II* involves the same attack at issue in *Fuld I* (along with a separate attack). ECF No. 4, at 2. Further, the eight counts in the *Fuld II* complaint overlap entirely with the ten counts in the *Fuld I* complaint. Accordingly, Defendants plan to move to dismiss the *Fuld II* complaint on grounds that likewise will apply to their motion to dismiss the *Fuld I* complaint. Still further, following briefing of the *Fuld I* motion to dismiss, the Supreme Court and the Court of Appeals issued decisions that bear directly on the Plaintiffs' claims under the Anti-Terrorism Act in both *Fuld I* and *Fuld II*. *See*, *e.g.*, *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023); *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025); *Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025). Defendants therefore anticipate that additional Rule 12 briefing will be required in *Fuld I*.

Under these circumstances, it would be efficient, and would conserve both judicial and party resources, to coordinate further proceedings in both *Fuld I* and *Fuld II*. To facilitate that process, Defendants respectfully submit that the Court should extend by 36 days Defendants' time to respond to the *Fuld II* complaint, adjourn the initial conference in *Fuld II*, and dispense with related case management order requirements in *Fuld II*, pending submission of Defendants' motion to dismiss in this case.

The Court followed a similar process in *Fuld I*. There, the Court adjourned the initial pretrial conference *sine die* after setting a schedule for briefing of Defendants' motion to dismiss the original complaint and for any amendment of the complaint in response to that motion to dismiss. *Fuld I* Order of August 11, 2020 (ECF No. 18). Given the uncontested relatedness of *Fuld I* and this case, the procedures proposed herein would conserve party and judicial resources and enable the efficient resolution of Defendants' dispositive motions in both cases. The parties in this matter have agreed to further meet and confer to propose a briefing schedule for Plaintiffs' opposition and Defendants' reply to the anticipated motion to dismiss described herein, and to coordinate as the Court directs with respect to *Fuld I*.

As further good cause for extending the November 17 deadline to respond to the *Fuld II* complaint, and as we informed Plaintiffs' counsel, Defendants have a brief due that same day in *Sokolow v. PLO*, Case No. 15-3135 (2d Cir.) (*see* 2d Cir. Doc. 659), a case that was remanded to the Court of Appeals as part of the Supreme Court's decision in *Fuld v. PLO*, 606 U.S. 1 (2025).

For the foregoing reasons, Defendants respectfully move that the Court: (1) extend for 36 days, until and including December 23, 2025, Defendants' current deadline to respond to the Complaint in this action; and (2) adjourn *sine die* the initial conference in this matter and the Court's related requirements for submission of a proposed case management order, pending resolution of Defendants' anticipated motion to dismiss.

Squire Patton Boggs (US) LLPHon. Jesse M. Furman
November 3, 2025

Respectfully submitted,

Squire Patton Boggs (US) LLP

Gassan A. Baloul

*Attorneys for Defendants*

cc:All Counsel by ECF

There is no question that this case and *Fuld I* should be handled (and likely briefed) together, if not formally consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. In light of that, the Court agrees that the initial pretrial conference previously scheduled for November 12, 2025, should be --- and hereby is --- ADJOURNED *sine die.* Instead of ordering Defendants to respond to the complaint by a date certain, however, the Court extends the deadline to respond *sine die* and ORDERS the parties to confer with the parties in *Fuld I* and, no later than **one week after the date on which *Fuld I* is remanded to this Court**, file a joint letter in both cases addressing whether the cases should be consolidated (or coordinated) and proposing a briefing schedule, joint or otherwise, for Defendants' anticipated motions to dismiss in both cases. Furthermore, counsel for Defendants shall promptly file a copy of this endorsed letter with the Court of Appeals to ensure that the Court of Appeals is aware that this Court is prepared to proceed with this litigation and *Fuld I* promptly upon remand of *Fuld I*.

The Clerk of Court is directed to terminate ECF No. 20 and to docket a copy of this endorsed letter in *Fuld I* (20-CV-3374) as well.

SO ORDERED.

November 4, 2025